IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BILTMORE FOREST BROADCASTING FM, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-316C (Judge James E. Merow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(1) and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction, or, in the alternative, enter judgment for the United States as a matter of law. In support of this motion, defendant relies upon the following brief and the complaint.

**DEFENDANT'S BRIEF**

**STATEMENT OF THE ISSUES**

1. Whether this Court possesses subject matter jurisdiction to entertain plaintiff's claims.

2. Alternatively, whether the United States is entitled to judgment as a matter of law.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiff, Biltmore Forest Broadcasting FM, Inc. ("Biltmore") alleges that the United States breached an implied-in-fact contract when the Federal Communications Commission ("FCC") awarded a license to own and operate an FM broadcast radio station to Liberty Productions, L.P. ("Liberty"), the highest bidder for the license. Compl. 5. In its complaint, Biltmore alleges that the FCC "fail[ed] to comply with the stated terms of the auction" when it did not disqualify Liberty for untimely submitting a family media certification. Id. As a result, Biltmore alleges that it was "wrongly denied a valuable license" and is entitled to damages. Id. This Court, however, lacks subject matter jurisdiction to entertain Biltmore's claims, and, even if this Court did possess such authority, Biltmore's claims are barred by the doctrine of collateral estoppel and issue preclusion.

### II. Statement Of Facts[1]

This case arises from an administrative licensing proceeding in which the FCC was required to select among mutually exclusive applications for a permit to construct a new FM radio broadcast

[1] For the purposes of this motion only, we accept as true the factual allegations as set forth in the complaint. However, the Court "may look outside the complaint and receive evidence for the purpose of resolving the jurisdictional issue of fact." Morris v. United States, 33 Fed. Cl. 733, 742 (1995).

station in Biltmore Forest, North Carolina. Compl. 2. One of the applicants for the license was Biltmore. Id. When Biltmore and other applicants initially filed their applications in 1987, the FCC's practice was to hold a comparative hearing to resolve any issue as to an applicant's basic qualifications to be awarded a broadcast license and to determine which of the fully qualified applicants would best serve the public interest. Biltmore Forest Broadcasting FM, Inc. v. Federal Communications Comm'n, 321 F.3d 155, 156 (D.C. Cir. 2003). In 1997, however, before this comparative hearing became final, intervening statutory changes led the FCC to adopt competitive bidding procedures, pursuant to 47 U.S.C. § 309, to resolve pending applications such as Biltmore's. Compl. 2.

An auction for the license was concluded in October 1999, and the license was awarded to the highest bidder, Liberty. Compl. 5. Biltmore's bid was the second highest. Id. Following the auction, the FCC considered objections from the losing applicants to the grant of Liberty's application, and found none of them to have merit. Compl. 1; Biltmore Forest, 321 F.3d at 159. Pursuant to 47 U.S.C. § 402(b)(1), Biltmore appealed the FCC's decision to the United States Court of Appeals for the District of Columbia Circuit. Biltmore Forest, 321 F.3d at 155. Upon appeal, Biltmore argued, among other things, that Liberty's application should have been dismissed for its failure to timely

file the required family media certification. Id. at 156. The D.C. Circuit affirmed the FCC's award of the license to Liberty, and held that the FCC did not act unreasonably in deciding that its regulations did not require Liberty's application to be dismissed for its failure to timely file a family media certification. Id. at 159-61. Specifically, the D.C. Circuit ruled that the applicable agency regulations permitted the FCC to allow Liberty an opportunity to cure the defect by filing a family media certification after the deadline for submitting applications. Id.

On or around May 21, 2007, Biltmore filed this complaint, alleging exactly the same issues that have already been ruled upon by the D.C. Circuit. Biltmore Forest, 321 F.3d at 165.

## ARGUMENT

### I. Legal Standards

Subject matter jurisdiction may be challenged at any time by the parties, by the court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993); reh'g denied; United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n.1 (Fed. Cir. 1991). When reviewing a RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court must construe all the facts alleged in the complaint in favor of the plaintiff. Morris v. United States, 33 Fed. Cl. 733, 741 (1995) (citing Scheuer v. Rhodes,

416 U.S. 232, 236 (1974)). The Court also must presume all factual allegations to be true and correct. Id. at 741-42 (citing Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988)). However, when a defendant challenges the facts upon which jurisdiction is premised, the plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. Id. The Court then "may look outside the complaint and receive evidence for the purpose of resolving the jurisdictional issue of fact." Morris, 33 Fed. Cl. at 742 (citing Maniere v. United States, 31 Fed. Cl. 410, 413-14 (1994); Catellus Development Corp. v. United States, 31 Fed. Cl. 399, 405 (1994)).

Summary judgment may be granted where there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987); Ralph Larson & Son, Inc. v. United States, 17 Cl. Ct. 39, 42 (1989).

## II. This Court Lacks Subject Matter Jurisdiction to Entertain Biltmore's Claims Because They Arise Under The Communications Act, And Congress Has Vested The District Of Columbia Circuit With Jurisdiction Over Those Claims

Section 402 of Title 47 of the United States Code sets forth the procedures for judicial review of final orders of the FCC. Specifically, Section 402(b) provides that:

> Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:
> (1) By any applicant for a construction permit or station license, whose application is denied by the Commission . . . .

Accordingly, Congress has explicitly vested jurisdiction to entertain claims challenging the award of station licenses with the United States Court of Appeals for the District of Columbia Circuit. In Folden v. United States, applicants for cellular licenses attempted to circumvent the specific administrative and judicial review procedures set forth in 47 U.S.C. § 402 by carefully crafting their claims as a breach of an implied-in-fact contract claim and a takings claim. 379 F.3d 1344 (Fed. Cir. 2004). The plaintiffs in Folden alleged that the FCC breached an implied-in-fact contract when it did not award seven cellular licenses by lottery. The United States Court of Appeals for the Federal Circuit affirmed this Court's dismissal of plaintiff's claims for lack of subject matter jurisdiction and held that 47 U.S.C. § 402(b) "reserves judicial review of Commission licensing decisions exclusively for the D.C. Circuit." Folden, 379 F.3d at 1353.

The facts of this case are even stronger in support of dismissal than those in Folden. In this case, Biltmore directly challenges an order of the FCC denying its application for a station license. Compl. 5. Therefore, the facts of this case

fit squarely within 47 U.S.C. § 402(b)(1). In Folden, the plaintiffs' applications were not denied by the FCC, but, rather, the FCC decided not to hold the lottery and did not return the plaintiffs' application fees. Even in that case, however, the Federal Circuit held that plaintiffs' claims involved a decision ancillary to subsection 402(b), and, therefore jurisdiction to entertain plaintiffs' claims lay exclusively with the D.C. Circuit. In this case, Biltmore's claims involve a decision explicitly reserved under subsection 402(b), and, therefore, should be dismissed for lack of subject matter jurisdiction.

Indeed, Biltmore brought and litigated the exact claims it brings here before the D.C. Circuit and lost. Biltmore Forest, 321 F.3d at 165. Biltmore then filed a petition for a rehearing or a rehearing en banc, which was denied. Id. at 155. Next, Biltmore petitioned for a writ of certiorari from the United States Supreme Court, which was also denied. Biltmore Forest, 540 U.S. 981 (2003). Biltmore now tries to re-litigate the same claims in this Court by seeking money damages instead of the license itself. Biltmore essentially argues that it brought claims pursuant to 47 U.S.C. 402(b) before the D.C. Circuit, and now it brings claims pursuant to 28 U.S.C. § 1491(a)(1). Compl. 5-6. According to Biltmore, this is sufficient to establish the Court's jurisdiction. Compl. 5-6. Biltmore's argument, however,

is the <u>same</u> argument that the Federal Circuit and this Court <u>rejected</u> in <u>Folden</u>.

Biltmore argues that "[b]ecause the D.C. Circuit Court could not consider a contract claim or award monetary damages, there is no other court but this one to which Plaintiff can turn for relief." Compl. 2. Similarly, in <u>Folden</u>, the plaintiffs argued "that because they were seeking money damages, the D.C. Circuit could not have had, and the Court of Federal Claims did have, jurisdiction over their claims." 379 F.3d at 1354. This Court dismissed the <u>Folden</u> plaintiffs' implied-in-fact contract claims, and the Federal Circuit affirmed, holding that "plaintiffs attempt to circumvent agency and [F]ederal court procedure 'conjured a contract theory from the mere chance to obtain a cellular license following submission of their applications' in the absence of any contract negotiations and documents." <u>Id.</u>

Indeed, Biltmore recognizes the precedential limitations of <u>Folden</u> and represents in its complaint that if <u>Folden</u> is not distinguishable, it will seek an <u>en</u> <u>banc</u> review of <u>Folden</u> with the Federal Circuit. Accordingly, pursuant to the Federal Circuit's precedential holding in <u>Folden</u> and 47 U.S.C. § 402(b), Biltmore's complaint should be dismissed for lack of subject matter jurisdiction.

## III. Even If This Court Possesses Jurisdiction To Entertain Biltmore's Claims, Which It Does Not, Biltmore's Claims Are Barred By The Doctrine of Collateral Estoppel

Even if this Court were to somehow distinguish the Federal Circuit's precedential holding in Folden, Biltmore's claims still fail, as a matter of law, because they are barred by the doctrine of collateral estoppel or issue preclusion.

The doctrine of issue preclusion, also known as collateral estoppel, holds that "an issue that is fully and fairly litigated, is determined by a final judgment, and is essential to that judgment, is conclusive in a subsequent action between the same parties." Bingaman v. Dep't of Treasury, 127 F.3d 1431, 1436-47 (Fed. Cir. 1997). Issue preclusion, which serves to bar the revisiting of "issues" that have been already fully litigated, requires four factors:

(1) identity of the issues in a prior proceeding;

(2) the issues were actually litigated;

(3) the determination of the issues was necessary to the resulting judgment; and,

(4) the party defending against preclusion had a full and fair opportunity to litigate the issues.

Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1366 (Fed. Cir. 2000)(citing Montana v. United States, 440 U.S. 147, 153-55 (1979); Blonder-Tongue Lab, Inc. v. University of Ill. Found., 402 U.S. 313, 332-33 (1971)) (additional citations omitted).

Issue preclusion serves "the dual purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).

The requirement that an issue be "actually litigated" is "generally satisfied if the parties to the original action disputed the issue and the trier of fact decided it." In re Jerre M. Freeman, 30 F.3d 1459, 1466 (Fed. Cir. 1994). The requirement that the party had a "full and fair opportunity to litigate" is satisfied if there is no reason to "doubt the quality, extensiveness, or fairness of the procedure followed in the prior litigation." In re Jerre M. Freeman, 30 F.3d at 1467 (citing Montana, 440 U.S. at 164 n.11).

In Biltmore Forest, 321 F.3d at 155, Biltmore argued that the FCC should have disqualified Liberty and awarded the license to Biltmore for several reasons, including the assertion that Liberty did not timely file its family media certification. In that case, Biltmore argued that a July 9 notice and 47 C.F.R. § 73.5002(b) required that "Liberty's application be dismissed for failure to file the required family certification." Id. at 159-60.

47 C.F.R. 73.5002(b) states

> [t]o participate in broadcast service or ITFS auctions, all applicants must timely submit

> short-form applications (FCC Form 175) along with all required certifications, information and exhibits pursuant to the provisions of Section 1.2105(a) and any Commission public notices.

47 C.F.R. § 1.2105(b) provides two different sanctions for an applicant's failure to submit the required information. 47 C.F.R. § 1.2105(b)(1) provides that:

> [a]ny short-form application . . . that does not contain all of the certifications required pursuant to this section is unacceptable for filing and cannot be corrected subsequent to the applicable filing deadline. The applications will be dismissed with prejudice and the upfront payment, if paid, will be returned.

47 C.F.R. § 1.2105(b)(2) provides that all other omissions would not be "subject to such Draconian treatment." Biltmore Forest, 321 F.3d at 160. Instead, with respect to other omissions not encompassed by § 1.2105(b)(1), 47 C.F.R. § 1.2105(b)(2) allows "[t]he Commission [to] provide bidders a limited opportunity to cure defects specified herein (except for failure to sign the application and to make certifications) and to resubmit a corrected application."

In Biltmore Forest, the D.C. Circuit held that "the family [media] certification [was] not among those required pursuant to § 1.2105, the omission of which incurably disqualifies [Liberty] as specified in § 1.2105(b)(1)." 321 F.3d at 160. The D.C. Circuit further held that it was not unreasonable for the Commission to provide Liberty the opportunity to correct the

defect pursuant to § 1.2105(b)(2). Accordingly, the D.C. Circuit affirmed the FCC's decision to award the license to Liberty.

In this case, Biltmore essentially seeks a collateral review of issues already decided by the D.C. Circuit. In its complaint, Biltmore relies upon the same regulation, 47 C.F.R. § 73.5002(b), to support its argument that the FCC breached an implied-in-fact contract when it did not disqualify Liberty for failing to timely file a family media certification. Compl. 3, 5. This is an identical issue that was decided by the D.C. Circuit in Biltmore Forest; it was actually litigated and opined upon by the D.C. Circuit in Biltmore Forest; resolution of the issue was essential to the D.C. Circuit's decision to affirm the FCC's award of the license to Liberty; and Biltmore, who was denied a rehearing en banc and a review of the decision by the United States Supreme Court on the issue, had a full and fair opportunity to litigate the issue in Biltmore Forest. 321 F.3d at 155. Accordingly, even if this Court possessed jurisdiction to review Biltmore's claims, which it does not, judgment should be entered for the United States as a matter of law because Biltmore's claims are barred by the doctrine of collateral estoppel and issue preclusion.

**CONCLUSION**

For the reasons stated above, the United States respectfully requests this Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction, or, in the alternative, enter judgment as a matter of law for the United States.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Marla T. Conneely
MARLA T. CONNEELY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 305-3689
Fax. (202) 305-7643

OF COUNSEL:

Grey Pash
Office of General Counsel
Federal Communications
Commission
445 12th Street, SW
Washington, D.C. 20554

August 17, 2007

Attorneys for Defendant